An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ANTHONY ROSS WILLIAMS,
Appellant,
vs.
GREGORY SMITH, WARDEN, NEVADA
STATE PRISON,
Respondent.

No. 64347

**FILED**

MAY 1 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting in part and denying in part a post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Jerome Polaha, Judge.

Appellant Anthony Ross Williams contends that the district court erred by denying his claim that he did not waive his right to a preliminary hearing on the felony count and therefore the felony conviction must be dismissed. Williams' claim was presented as an ineffective-assistance-of-counsel claim; he argued that trial counsel could not waive the preliminary hearing on his behalf and he asserted that appellate counsel was ineffective for not raising this issue on appeal. When reviewing the district court's resolution of ineffective-assistance claims, we give deference to the court's factual findings if they are supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Here, the district court conducted an evidentiary hearing and received testimony from Williams, his trial counsel, and his appellate counsel. The district court found that trial counsel explained his tactical

SUPREME COURT
OF
NEVADA

(O) 1947A

14-15807

reasons for wanting to waive the preliminary hearing and Williams agreed with these tactics, trial counsel had authority to sign the waiver because the right to a preliminary hearing is a statutory right, and trial counsel effectively waived the preliminary hearing on Williams' behalf. The district court further concluded that its findings rendered Williams' claim of ineffective assistance of appellate counsel moot.

Our review of the record reveals that the district court's factual findings are supported by substantial evidence and are not clearly wrong, and Williams has not demonstrated that the district court erred as a matter of law. *See* NRS 171.196 (providing for a preliminary hearing when a case must be tried in the district court); *New York v. Hill*, 528 U.S. 110, 114 (2000) ("For certain fundamental rights, the defendant must personally make an informed waiver. For other rights, however, waiver may be effected by action of counsel." (citations omitted)); *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (establishing a two-part test for ineffective assistance of counsel); *Kirksey v. State*, 112 Nev. 980, 987, 923 P.2d 1102, 1107 (1996) (adopting test in Strickland); *see generally Furbay v. State*, 116 Nev. 481, 484, 998 P.2d 553, 555 (2000) (defendant can waive his statutory right to a speedy trial and the waiver can be effected by counsel). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Jerome Polaha, District Judge
Jeffrey S. Blanck
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk